# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RUBY J. DISNEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-19-00946-PRW |
| UNITED NATIONAL LIFE INSURANCE COMPANY OF AMERICA, | ) ) ) ) |
| Defendant. | ) ) |

## **ORDER**

Before the Court is Defendant's Motion to Quash and for a Protective Order (Dkt. 27). Defendant asks the Court to enter an order "(1) quashing Plaintiff Ruby J. Disney's . . . July 20, 2020 Notice of Video Deposition of Defendant's Corporate Representative" (Dkt. 26) and "(2) holding that Plaintiff may not take a second Fed. R. Civ. P. 30(b)(6) deposition of a UNL corporate representative."[1]

### *Background*

Plaintiff deposed Defendant, a corporation, through Lesley Hanslope, as corporate representative, pursuant to Fed. R. Civ. P. 30(b)(6). After just over three hours, Plaintiff ended that deposition with time to spare, seemingly satisfied.[2] But an hour later, in a sudden about-face, Plaintiff sought to schedule a second Rule 30(b)(6) deposition. As Plaintiff tells

---

[1] *See* Def.'s Mot. to Quash and for a Protective Order (Dkt. 27) at 1.

[2] *See* Tr. of Videoconference Dep. of Lesley Hanslope (Dkt. 27, Ex. 2) at 175 (Counsel for Plaintiff, after approximately 3 hours and 15 minutes, remarks that he "do[es]n't have any other questions.").

it, the first corporate representative revealed new information necessitating the deposition of a second corporate representative on fifteen new topics.[3]

Defendant resists, on two bases. The first is procedural: Defendant points out that Plaintiff failed to ask for leave to depose a second corporate representative, as required by Fed. R. Civ. P 30(a)(2)(A)(ii). The second goes to the merits of the request: Defendant argues that Plaintiff could have, should have, and, in some instances, did ask about these topics during the first deposition. To require another Rule 30(b)(6) deposition, Defendant continues, would unfairly impose on it the cost of its adversary's earlier neglect.

## *Legal Standard*

The applicable law is straightforward. Federal Rule of Civil Procedure 30(a)(2)(A)(ii) requires a party to obtain leave of court to depose a person if (a) the parties have not stipulated to that deposition and (b) the person to be deposed has already been deposed in the case. "Person," as the Court uses it here, includes juridical persons deposed through Rule 30(b)(6):[4] "The rule requiring leave of court to take a second deposition

---

[3] *See* Pl.'s Br. in Opp'n to Def.'s Mot. to Quash and for a Protective Order (Dkt. 30) at 7.

[4] *See Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189, 192 (1st Cir. 2001) (defendant was not entitled to take additional Rule 30(b)(6) depositions of corporation without leave of court after plaintiff had earlier deposed representatives of that same corporation under Rule 30(b)(6)); *State Farm Mut. Auto Ins. Co. v. New Horizont, Inc.*, 254 F.R.D. 227, 234 (E.D. Pa. 2008) (neither text of Rule 30(a)(2)(A)(ii) nor committee's note exempts Rule 30(b)(6) depositions from leave of court requirement); *Foreclosure Mgmt. Co. v. Asset Mgmt. Holdings, LLC*, 2008 WL 3895474, at *3 (D. Kan. Aug. 21, 2008) ("There is nothing in the text of Rule 30 that supports the conclusion that Rule 30(b)(6) depositions should be treated differently from depositions of individuals. Indeed, by using the generic word 'deponent,' the drafters must have intended to include not only individuals but also corporations and other organizations and entities within the rule that leave of court is required for a second deposition.").

applies to an entity that is deposed pursuant to Rule 30(b)(6). Even though a party may be deposing a different corporate representative, it is still seeking a 'second' deposition of the entity."[5]

"A notice for a second deposition, issued without first seeking leave of court, is invalid, and a party may properly refuse to submit to such a deposition."[6]

### *Discussion*

Plaintiff deposed Defendant through Lesley Hanslope, as corporate representative, pursuant to Rule 30(b)(6). Now, Plaintiff wants to depose Defendant again, through a second Rule 30(b)(6) representative, about a different set of topics. But the Parties have not stipulated to such a deposition and Plaintiff has not sought leave of court either. Accordingly, Plaintiff's Notice of Video Deposition of Defendant's Corporate Representative (Dkt. 26) is invalid.

Because Plaintiff has not sought leave to depose Defendant through a second Rule 30(b)(6) representative, the question of whether Plaintiff should be permitted to depose Defendant a second time is not properly before the Court. If Plaintiff chooses to seek leave to do so, the Court will address the issue at that time.

---

[5] 7 Moore's Federal Practice – Civil § 30.05 (2020).

[6] *Id.*; *see also Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189, 192 (1st Cir. 2001) ("Because this second Rule 30(b)(6) subpoena was issued to GEAE without leave of the court, it was invalid.").

*Conclusion*

For the foregoing reasons, and as set forth above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Quash and for a Protective Order (Dkt. 27).

**IT IS SO ORDERED** this 9th day of December, 2020.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE